**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROSEMARY TRUJILLO,

       Plaintiff,

      vs.                                No. CIV 96-0543 JC/LFG

STATE OF NEW MEXICO, DEPARTMENT
OF LABOR, PATRICK BACA, IRENE GARCIA,
JIMMY SANCHEZ, JUDITH SIZEMORE, and
GOVERNOR GARY JOHNSON, in his official
capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**ENFORCING SETTLEMENT AGREEMENT**

THIS MATTER concerns a settlement reached by Plaintiff Trujillo and Defendants after jury

selection, but prior to trial on the merits.  In response to correspondence received by the Court from

Ms. Trujillo, I requested that Magistrate Judge Lorenzo F. Garcia hold an evidentiary hearing to

determine whether a settlement agreement had been validly entered among the parties.  Plaintiff

asserted that her attorney had no authority to enter into the agreement on her behalf.  I reviewed the

transcript of the hearing and agreed with Magistrate Judge Garcia that the testimony showed

otherwise.  Thus, on February 6, 1998, I adopted the Magistrate Judge's Recommended Disposition

and denied Plaintiff Trujillo's request to set aside the settlement.

On March 6, 1998, Plaintiff's new attorney filed two pleadings:  (1) a Motion to Amend or

Alter Judgment under Rule 59 and for Relief from Judgment under Rule 60(b); and (2) a Notice of

Appeal to the Tenth Circuit of my Order of February 6, 1998.  In essence, Plaintiff  argues that a

finding that her previous attorney had apparent, express and implied authority to bind her to the settlement is "against the weight of the evidence." She also contends that other claims, then pending before the Equal Employment Opportunity Commission ("EEOC"), were not, and could not be, included in the settlement of this case. Ms. Trujillo refuses to sign the written settlement agreement, and Defendants have countered with a motion to enforce the settlement.

Insofar as Plaintiff seeks relief pursuant to Rule 59, her request is untimely. "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). "Further, Rule 6(b) prohibits a court from extending the time for taking any action under Rule 59(e)." Parker v. Bd. of Public Utilities of Kansas City, Kan., 77 F.3d 1289, 1291 (10th Cir. 1997). Thus, I lack authority to effect any relief under Rule 59(e).

Before addressing Plaintiff's motion to reopen the decision under Rule 60 or Defendants' motion to enforce the settlement agreement, I must analyze the extent of district court jurisdiction at this point in time. In this case, on the same day Plaintiff filed a notice of her intention to appeal, she also sought relief from this Court.

> Filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Gryar v. Odeco Drilling, Inc., 674 F.2d 373, 375 (5th Cir.1982). The district court is thus divested of jurisdiction. Any subsequent action by it is null and void. Offshore Logistics Servs., Inc. v. Mutual Marine Office, Inc., 639 F.2d 1168, 1170 (5th Cir. Unit A Mar. 1981); Taylor v. Wood, 458 F.2d 15, 16 (9th Cir.1972). In collateral matters not involved in the appeal, however, the district court retains jurisdiction.

Garcia v. Burlington No. R.R., 818 F.2d 713, 720-21 (10th Cir. 1987). The Tenth Circuit, however, has found an exception to this general rule which applies to the current scenario.

> [A] litigant who wishes to pursue both avenues simultaneously should file both a notice of appeal and a Rule 60(b) motion within 30 days of the final judgment. We

have held that such a dual filing is allowed, and that the district court may deny
a 60(b) motion without seeking leave from us even though the case was then on
appeal.  Aldrich Enterprises v. United States, 938 F.2d 1134, 1143 (10th Cir.1991).
However, the district court must notify us if it intends to grant the  Rule 60(b) motion
and seek a remand for that purpose.  Id.;  Calva Products v. Beal, Bridgeforth & Beal,
1995 WL 681484 *1,2 (10th Cir.1995) (Unpublished Disposition).

Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 n.4 (10th Cir. 1996).  Thus, I may evaluate the

merits of Plaintiff's Motion for Relief under Rule 60.  Ms. Trujillo asks that this Court "clarify" the

Order of February 6, 1998, and enter "an order providing this Court is without jurisdiction to order

Plaintiff to waive claims not before this Court, and ordering that the settlement agreement, as drafted,

be modified."  Plaintiff's Mot. at 5.

Ms. Trujillo is simply attempting to relitigate the same issues addressed at the evidentiary

hearing.  Magistrate Judge Garcia did take testimony as to whether the settlement was intended to

include all claims Plaintiff might have against Defendants.  Specifically, the transcript reveals the

following exchange between Plaintiff and the attorney who represented her in the negotiations:

> Q.	Okay.  But isn't it true that during the approximately 4:00 p.m. conversation
> on November 12th with myself, Mr. Aragon, that I conveyed to you the offer
> of $9000?
> A.	Yes.
>
> Q.	Isn't it also true that you instructed me to accept the offer of $9000?
> A.	No.
>
> **Q.	Isn't it also true that at that point in time I advised you that this offer of
> $9000 included all past, present and future claims that you might have
> against the State?**
> **A.	You told me that, and I continued to say no.**

Tr. at 37 (emphasis added).

Magistrate Judge Garcia found that Trujillo authorized her attorney, Mr. Aragon, to accept

the $9000 settlement offer and rejected Plaintiff's claim that she had intended to proceed to trial and

to not waive any claims or causes of action.  Ms. Trujillo's testimony set forth above constitutes an admission that she knew Defendants were insisting on a full release of all claims which necessarily included any pending or future claims against the State.  Thus, that term of settlement was incorporated into the agreement which the parties reached.

Plaintiff fails to cite any authority to the novel proposition that "this Court does not have the power to enforce an agreement over which the EEOC has jurisdiction."  In fact, the only authority this Court could find is to the contrary.

> This right to seek relief is, of course, attended with the right to settle one's claims and avoid the inefficiencies of litigation.  Thus, in certain cases, the aggrieved party who filed the charge with EEOC may settle her own claims with the employer.  See EEOC v. United Parcel Serv., 860 F.2d 372, 373 (10th Cir. 1988); EEOC v. Goodyear Aerospace Corp., 813 F.2d 1539, 1541-42 (9th Cir.1987).  As one might expect, employers will often require as a condition of settlement that a party withdraw her charge from EEOC or request that EEOC not proceed with a lawsuit.  See, e.g., Goodyear Aerospace, 813 F.2d at 1542.

EEOC v. Harvey L. Walner & Assoc., 91 F.3d 963, 969 (7th. Cir. 1996).  The Tenth Circuit has held that settlement of these private claims before the EEOC is not in conflict with public policy concerns because the agency may proceed on its own initiative to prosecute a civil action under § 2000e-5. EEOC v. United Parcel Serv., 860 F.2d at 373 (10th Cir. 1988); see also  EEOC v. Kimberly-Clark Corp., 511 F.2d 1352, 1361 (6th Cir.1975) ("the EEOC is not barred by the doctrine of res judicata from basing its complaint on charges of discrimination which it never agreed to settle").  In summary, Plaintiff fails to demonstrate any Rule 60 grounds for relieving her of the obligations imposed by the binding settlement agreement.

Turning to Defendants' Motion to Enforce the Settlement, the Court finds that it is well taken and should be granted.  The district court has the "inherent power summarily to enforce a settlement

-4-

agreement with respect to an action pending before it . . . . The authority of a trial court to enter a

judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable

adjustment of disputes and the concomitant avoidance of costly and time consuming litigation."

Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir.1978) (citations omitted).  In Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, (1994), however, the Supreme Court has determined

that this power is limited by the district court's retention of subject matter jurisdiction.

> [W]hat respondent seeks in this case is enforcement of the settlement agreement, and
> not merely reopening of the dismissed suit by reason of breach of the agreement.
> Enforcement of the settlement agreement, whether through award of damages or
> decree of specific performance, is more than just a continuation or renewal of the
> dismissed suit, and hence requires its own basis for jurisdiction.

Id. at 378.  Here, there has been no final order of dismissal.  Because I continue to have federal

subject matter jurisdiction over this matter, I will exercise my authority to enforce the valid contract

of settlement and order specific performance of the agreement.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Amend or Alter Judgment under Rule 59 and for

Relief from Judgment under Rule 60(b) (Docket No. 110), is hereby **denied**.

IT IS FURTHER ORDERED that Defendant's Motion to Enforce Settlement Agreement

(Docket No. 119) is hereby **granted**.  Plaintiff Rosemary Trujillo and her attorneys are hereby

ordered to execute within five days of the entry of this Order the settlement documents presented to

her on November 20, 1997 (copies attached as Exhibits F, G and H to the Defendants' Brief).  If she

fails to do so, Robert Aragon is named as attorney in fact and directed to sign the documents in her

stead to confirm settlement of this matter.

DATED this 14th day of May, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**


Present Counsel for Plaintiff:          Hannah B. Best
                                        Hannah Best & Associates
                                        Albuquerque, New Mexico

Former Counsel for Plaintiff:           Robert Aragon
                                        Aragon Law Firm, P. C.
                                        Albuquerque, New Mexico

Counsel for Defendants:                 Richard L. Gerding
                                        Gerding & O'Loughlin, P. C.
                                        Albuquerque, New Mexico